## CIRCUIT COURT OR DISTRICT COURT OF MARYLAND
## FOR BALTIMORE CITY

**SEARCH AND SEIZURE WARRANT**

FORM 02/187

TO:   Any Police Officer of Baltimore City:

The affidavit having been made before me by _____,
said affidavit incorporated by reference into this warrant and made a part thereof, that he (they) has
(have) reason to believe that:

(on the person of)

(in the premise known as)   **7 N. Woodington Avenue, Baltimore, Maryland 21229, said premise
being a 2 white wood constructed, single family home with a white
front outer screen door and a white main door. The numbers 7 N are
in numeric's painted in black on the right post of porch. Further more
said location is known to and can be identified by your affiant**

in the City of Baltimore, there being concealed certain property, namely;

Heroin and other Controlled Dangerous Substance's
which is (are) in violation of the Laws of Maryland / evidence relating to the commission of a crime
pertaining to Controlled Dangerous Substances

**the Criminal Code CR 5-501 through 5-1101 of the Criminal Law Article,**

and I am satisfied that there is probable cause to believe that the property so described is being
concealed in the **7 N. Woodington Avenue.** above described and that the foregoing grounds for
application for issuance of the search warrant exist.

You are therefore commanded, with the necessary and proper assistants, to search forthwith the **7 N.
Woodington Avenue.** herein above described for the property specified, executing this warrant and
making the search; and if the property be found there, to seize it; and if upon execution of this warrant,
there are found persons then and there engaged in the commission of a crime, arrest those so
participating; leaving a copy of this warrant and inventory of the property seized and returning copy of
said warrant and inventory, if any, to me within ten days after execution of this warrant; or, if not
served, to return this warrant to me promptly, but not later than five days after this expiration, as
required by law.

Dated this _18_ day of _November_____, 2011.

_____
JUDGE

┌─────────────────────────────────────────────────────────────────────┐
│ **Unannounced Entry Authorization**                                   │
│ Good cause being shown therefore, the executing law enforcement officers are authorized to │
│ enter                                                                 │
│ the premises to be searched without giving notice of their authority and purpose. │
│ Dated this _____ day of _____ 20___ Signed_____ │
│                                                                       │
│                                                                       │
│                  SIGNED _____                │
│                                           Judge                       │
└─────────────────────────────────────────────────────────────────────┘

Woodlon-000342

# FOR BALTIMORE CITY

**Application for a Search and Seizure Warrant**
FORM 02/188

To the Honorable Judge _H. GARY BASS_ of the _DISTRICT COURT_ Court, the undersigned being duly sworn deposes and says that he (they) has (have) reason to believe that

(on the person of)
(in the premise known as)    **7 N. Woodington Avenue, Baltimore, Maryland 21229, said premise being a 2 white wood constructed, single family home with a white front outer screen door and a white main door. The numbers 7 N are in numeric's painted in black on the right post of porch. Further more said location is known to and can be identified by your affiant**

in the City of Baltimore, there being concealed certain property, namely;
Heroin and other Controlled Dangerous Substance's
which is (are) in violation of the Laws of Maryland / evidence relating to the commission of a crime pertaining to Controlled Dangerous Substances

**the Criminal Code CR 5-501 through 5-1101 of the Criminal Law Article,**

And, that the facts tending to establish grounds for issuance of Search Warrant are set forth in the Affidavit attached thereto and made a part thereof.

Wherefore, your Affiant prays that a Search and Seizure Warrant be issued for said items described in attached seized property list.

_____
Affiant

P/o John Cronell
_____
Title

SWORN to before me and subscribed to in my presence this _18_ day of _November_, 2011.

_____
JUDGE

-2-

## AFFIDAVIT

### I.   Purpose of the Affidavit

This Affidavit is submitted in support of a search and seizure warrant pertaining to violations of the Controlled Dangerous Substance laws, Criminal Code CR 5-101 through CR 5-1101 of the Criminal Law Article of Maryland.  Because this Affidavit is being submitted for this limited purpose, your Affiant has not included every detail of the investigation that has been conducted to date.  Rather, your Affiant has set forth only those facts that your Affiant believes are necessary to establish probable cause.  Your Affiant has not, however, excluded any information known to your Affiant that would defeat a determination of probable cause.  The information contained in this Affidavit is based upon your Affiant's personal knowledge, a review of documents and other evidence, and conversations with other law enforcement officers and other individuals.  All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

### II.   Premises and/or Person to be Searched

7 N. Woodington Avenue, Baltimore, Maryland 21229, said premise being a white 2 story wood constructed, white front single family home with a white front outer screen door and a white main door.  The numbers 7 N are in numeric's painted black on the right post of the porch. Further more said location is known to and can be identified by your affiant

Woodlon-000344

III.   **Affiant**

Your Affiant, John Clewell, has been a sworn officer of the Baltimore Police Department since April 2009 and is currently assigned to Southern District Operations. Your Affiant successfully completed a six-month basic course of training that included classes pertaining to Controlled Dangerous Substances (CDS). Prior assignments include uniform patrol. Your Affiant has personally conducted and participated in numerous investigations involving criminal activity including but not limited to CDS, violent crime, and firearms violations. Your Affiant has made and or participated in the arrest of over 100 persons for CDS, violent crime, and/or firearms violations and has authored and/or executed numerous Search and Seizure Warrants relating to CDS, violent crime, and/or firearms violations. Your affiant was also served over 6 years in the United States Marines Corps and during which was qualified in the use of several types of weapons and ammunitions to include NATO and SOVIET block weapons.

Through training and interviews of numerous persons arrested for CDS offenses, your Affiant is familiar with the actions, traits, habits, and terminology utilized by traffickers of CDS. Your Affiant has also participated in numerous hours of surveillances of suspected drug traffickers. Based upon your Affiant's training, experience and participation in other investigations involving illegal CDS, your Affiant knows the following:

a) That drug traffickers often place communications devices, vehicles and other assets in names other than their own to avoid detection of these items by law enforcement officials;

b) That even though these items are in another entity or person's name, the drug dealers actually own and continue to use these devices and assets and to exercise dominion and control over them;

-4-

Woodlon-000345

c) That drug traffickers maintain on hand amounts of U.S. currency in order to maintain and finance their ongoing drug business;

d) That drug traffickers maintain books, records, receipts, notes, ledgers, transportation tickets and other travel records, money orders, and other papers relating to the transportation, ordering, sale, and distribution of CDS and the profits derived from those transactions, and maintain these items where they have ready access to them, such as in their residence, place of business, safety deposit boxes, or storage lockers;

e) That drug traffickers commonly "front" (provide on consignment) CDS to their clients and keep records of these transactions;

f) That it is common for drug traffickers to secrete illegal drugs and other contraband, records of drug transactions, amounts of currency, financial instruments, precious metals, jewelry, and other items of value which are proceeds of drug transactions and evidence of financial transactions in secure locations within their residence and place of business, including in combination or key-lock safes or strong boxes, suitcases, locked cabinets and other types of locked or closed containers, hidden compartments, safety deposit boxes, and storage lockers for ready access and to conceal them from law enforcement authorities;

g) That when drug traffickers amass proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits; that to accomplish this goal, drug traffickers utilize domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations, and business fronts, and that drug traffickers commonly keep records of these transactions in their residence, place of business, safety deposit boxes, and storage lockers;

-5-

Woodlon-000346

h)  That drug traffickers commonly maintain addresses and telephone numbers in books or papers which reflect names, addresses, and telephone numbers of their drug-trafficking associates; and that they commonly use and carry cellular telephones, pagers and/or personal digital assistants that store names, addresses, telephone numbers, and codes of co-conspirators;

i)  That drug traffickers commonly take or cause to be taken photographs and videos of themselves, their associates, their property and/or assets, and their drugs; that these traffickers usually maintain these photographs and videos in their possession in their residence, place of business, or in storage lockers;

j)  That it is also common for drug traffickers to use vehicles to move quantities of drugs and currency to other locations for storage and further distribution and use; and

k)  That drug traffickers often rent vehicles instead of using their own to prevent their own vehicles from being seized by law enforcement officials.

## IV.    **Probable Cause**

The following facts are either known to your Affiant through personal observation or have been obtained through reliable confidential sources, law enforcement reports and/or directly from other law enforcement officers.

Other law enforcement officers and I have been investigating drug-trafficking activity in the vicinity of the 1000 Block of Boyd Street in Baltimore City through the summer and fall of 2011. During that time, several confidential informants have advised officers of the Baltimore Police Department that individuals in the 1000 Block of Boyd Street were selling both Heroin,

Woodlon-000347

commonly known as "Dope", and Cocaine.

During the months of October and November, your affiant and members of southern district flex "A" squad have been conducting an on-going narcotics investigation in the area of 1000 Boyd Street. This investigation has led to several arrests for narcotics violations in and around the 1000 block of Boyd Street. Your affiant has received numerous complaints from concerned citizens that live in the area in reference to the illegal CDS activity.

Information received by your affiant, from confidential sources, who wish to remain anonymous, stated that an individual who goes by the street name of "Ghetto," who your affiant along with other members of the Flex "A" squad have positively identified in the past as Mr. Derrick Woodland (M/B 11/30/78), was supplying illegal narcotics to the 1000 block of Boyd Street. This supplying was done using several vehicles, one of those vehicles being a blue 4 door Cadillac sedan with the MD registration of 5AH0919, which your affiant as well as the confidential sources have seen Mr. Woodland in on several occasions. Based on the reliable source/ sources Mr. Woodland would move his illegal narcotics from a "Stash" house to the 1000 block of Boyd Street where it would be distributed by other individuals. A "Stash" house is a common term for a location which is used by narcotics distributors to store illegal drugs and guns in order to evade detection and arrest by law enforcement. Once in the 1000 block of Boyd Street, Mr. Woodland would organize several individuals, who where later identified and arrested, to sell the illegal narcotics in the area to narcotics users. During the week of November 14th through the 18th your affiant observed Mr. Woodland arrive in the 1000 block of Boyd Street in a blue Cadillac 4 door sedan bearing the MD tag of 5AH0919, your affiant then observed several individuals approach the vehicle, and then observed Mr. Woodland exit the vehicle and

-7-

then enter the rear yard of 1022 West Lombard street. Several seconds later Mr. Woodland exited the yard. And then several minutes later your affiant observed an increase in narcotics activity. Based on my training and experience Mr. Woodland brought in a "Re-up." A "Re-Up" is a common term for a resupply of narcotics, from a large "Stash" supply to a street level distribution "Stash," much like a warehouse distributes to a store. Your affiant was able to follow Mr. Woodland to the unit block of North Woodington Avenue from the 1000 block of Boyd Street, where your affiant observed Mr. Woodland exit the vehicle and enter 7 N. Woodington Avenue. Based on my training and experience the location 7 N. Woodington Avenue is the "Stash" house where Mr. Woodland stores his illegal narcotics.

A search of the Maryland Department of Motor Vehicles data base shows that the Blue Cadillac bearing the MD. Tag of 5AH0919, which Mr. Woodland has been seen in, is registered to a Ms. Mingtel Germaine Collins ▨. Based on a search of departmental records its seen that Ms. Collins is listed as a friend to Mr. Woodland in the last 3 arrests.

A records search of Mr. Woodland shows the following arrests and case dispositions.

SID#1867584          FBI#650270

| | | |
|---|---|---|
| 8/18/11 | CDS Distribution (Pending) | |
| 7/23/11 | Attempt to Distribute (Nolle Pros) | |
| 4/8/10 | CDS Possession (Guilty) | |
| 1/20/10 | Possession Not. Marijuana (STET) | |
| 9/13/05 | CDS Poss. (Guilty) | |
| 9/6/05 | CDS Poss. (Guilty) | |
| 9/29/04 | CDS Manuf. Dist (Guilty) | |

-8-

Woodlon-000349

5/22/04    CDS Poss (Nolle Pros)

4/30/04    CDS Manuf. Dist (Guilty)

4/2/04    Poss. Maijuana (Nolle Pros)

6/11/03    Attempt 1st Degree Murder (Nolle Pros)

6/11/03    Handgun on Person (Nolle Pros)

11/23/02    CDS Poss (Nolle Pros)

11/13/02    CDS Unlawful Poss (Guilty)

5/7/02    CDS Unlawful Manuf. (Guilty)

8/2/01    CDS Poss (Guilty)

6/13/01    Poss Marij (Nolle Pros)

11/13/99    CDS Poss (Nolle Pros)

11/22/97    CDS Poss with Int to Dist. (Guilty)

11/8/97    CDS Poss with Int to Dist (Guilty)

On 18 November 2011, at approximately 1245 Hours an arrest team was sent into the 1000 block of Boyd Street where several individuals were arrested in connection to the above stated narcotics distribution ring. The arrest team was sent in after your affiant observed several narcotics transactions and was able to identify several stash locations.(reported under cc# 119k8545)  However Mr. Woodland was not at the location nor was he observed today in the area. However due to the fluid nature of narcotics investigations it is believed that giving Mr. Woodland time to organized and move his suspected "Stash" house would result in the loss and or destruction of evidence.

Woodlon-000350

V.      **Conclusion**

Based on the foregoing, it is respectfully submitted that there is probable cause to believe that the person inside the premise of **7 N. Woodington Avenue** is participating in a conspiracy to store and distribute heroin and cocaine, in violation of the Controlled Dangerous Substance laws, Criminal Code CR 5-101 through CR 5-1101 of the Criminal Law Article of Maryland; and that the premises at **7 N. Woodington Avenue, BALTIMORE MARYLAND, 21229** is being used for the storage and distribution of narcotics, narcotics proceeds, and the facilitation of narcotics offenses; and that the items set forth in Attachment A hereto, which constitute evidence, fruits, and instrumentalities of the aforementioned violations of the Controlled Dangerous Substance laws.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **2 story wood constructed, white single family home** on the premise of, **7 N. Woodington Avenue, BALTIMORE MARYLAND, 21229,** and authorize the search and seizure of the items described in Attachment A hereto.

John Clewell
Police Officer
Baltimore Police Department

Subscribed to and sworn to before me on _November 18_, 2011.

_____
Judge

Woodlon-000351

## Attachment A

## Items to be Seized

a)   Controlled dangerous substances (CDS) and books, records, receipts, notes, ledgers, money orders, and other papers relation to the transportation, ordering, sale, and distribution of CDS and the profits derived from those transactions;

b)   Papers, airline tickets, passports, notes, schedules, receipts, and other items relating to domestic or foreign travel;

c)   United States currency or foreign currency;

d)   Books or papers which reflect names, addresses, and/or telephone numbers of co-conspirators involved in drug trafficking;

e)   Paraphernalia for packaging, cutting, weighing, importing and distributing CDS including, but not limited to, scales, packaging materials, and other chemical agents used to mix with CDS;

f)   Indicia of occupancy, residency, ownership or lease of the residence identified on the warrant, including but not limited to utility and telephone bills, other mail, and keys;

g)   Firearms; and

h)   Cellular telephones, pagers, and personal digital assistants and any names, addresses, telephone numbers, and codes stored therein.

Woodlon-000352

## RETURN

On _____, officers executed a search and seizure warrant at _____ and a

copy of the warrant and inventory recovered / seized was left with _____.

The following in a list of property taken pursuant to the warrant:

Witness: _____.

I swear that this inventory is a true and detailed account of all the property recovered / seized by this

officer in execution of this warrant.

_____

**AFFIANT**

Subscribed, sworn and returned before me this _____ day of _____, 2011.

_____

**JUDGE**

-12-

Woodlon-000353